CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
for Charlottesville
AUG 11 2006
JOHN F. CORCORAN, CLERK
BY: Fay Coleman
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| WILLIAM VERRINDER<br><br>*Plaintiff,*<br><br>v.<br><br>RITE AID CORPORATION, ET. AL.,<br><br>*Defendants.* | CIVIL ACTION NO. 3:06-CV-00024<br><br>ORDER AND OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's motion to clarify or reconsider, filed on August 7, 2006. This motion requests further explanation as to whether all of Plaintiff's defamation per se claims survive, or only those involving statements made to Brandi Greenawalt and Chris Watson. As the Memorandum Opinion of August 2 noted, even where a qualified privilege exists, a claim may survive a motion to dismiss if the Plaintiff makes more than conclusory allegations of malice and describes a greater pattern of animus by the defendant. *See Echtenkamp v. Loudon County Pub. Schools*, 263 F. Supp. 2d 1043, 1062 (E.D. Va. 2003). Here, Plaintiff's Amended Complaint describes just such a pattern. Accordingly, even where the hearers have an interest and duty in the statement at issue, Plaintiff has sufficiently alleged malice for all of his defamation per se claims to survive a motion to dismiss based on qualified privilege. Of course, the ultimate burden remains on Plaintiff to prove malice, but as the Memorandum Opinion noted, at the motion to dismiss stage, the Court must accept as true all factual allegations in the Amended Complaint.

It is therefore ORDERED that, as the Order of August 2 held, *only* Count I of the Amended Complaint shall be dismissed, and Plaintiff may proceed on all of his claims for defamation per se.

It is so ORDERED.

The Clerk of the Court is directed to send a copy of this Order to all counsel of record.

ENTERED: _____
U.S. District Judge

Aug. 11, 2006
Date