IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| WILLIAM VERRINDER, *Plaintiff*, | CIVIL NO. 3:06CV00024 |
| v. | MEMORANDUM OPINION AND ORDER |
| RITE AID CORPORATION, AND RITE AID OF VIRGINIA, INC., *Defendants*. | JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff's Motion to Alter or Amend Judgment and for Relief from Judgment or Order (docket entry no. 153). Plaintiff invokes Federal Rules of Civil Procedure 59 and 60 as the basis for the motion, which he filed on December 20, 2007. Because judgment in favor of Defendants was entered on December 11, 2007, Plaintiff's motion is timely under Rules 59(e) and 60(c)(1).

Plaintiff asserts two bases for the requested relief, which are set forth in their entirety in three sentences of the two-paragraph motion:

> The Plaintiff has found direct and unequivocal evidence that supports the Plaintiff's assertion of "general harassment."
> The Plaintiff would like to bring to the Court's attention the fact that there is a remaining claim in the Plaintiff's Amended Complaint that the Defendants did not write a Motion for Summary Judgment against and the Court itself did not address in its Opinion. And, the Plaintiff did write a Motion for Summary Judgment concerning this claim.

(Pl.'s Mot. 1.) Plaintiff also states in the motion that he "will submit a brief supporting this motion within the 10 day time frame allowed for in the Court's Pretrial Order." The Court's May 30, 2006 Pretrial Order, however, provides no such 10-day period, and even if it did, the

– 1 –

time would have expired on January 7, 2008. As of the date of this Memorandum Opinion and Order, Plaintiff has still not filed the promised brief. Moreover, the Pretrial Order states explicitly that "[a] supporting brief must accompany all motions, except motions certified to be unopposed." (Pretrial Order ¶ 4.) Accordingly, it is proper that Plaintiff's motion be denied. Even if I consider Plaintiff's motion on its merits, however, it is clear that neither of his arguments constitutes grounds for relief under either Rule 59(e) or Rule 60.

"A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (citations and internal quotation marks omitted). Presumably, Plaintiff's claim that he has found evidence of "general harassment" refers to my finding on his defamation per so claims that there was no evidence that he had never complained to Rite Aid of "general harassment," and that he therefore could not show that Hall and Owens acted with common-law malice. (*See* Mem. Op. 47–48, Dec. 11, 2007.) Assuming that Plaintiff's vague assertion refers to new evidence that is not in the record, I can consider it on a Rule 59(e) motion only if Plaintiff "produce[s] a 'legitimate justification for not presenting' the evidence during the earlier proceeding." *Pacific Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir. 1996)). Plaintiff offers no such justification. Moreover, in the event that Plaintiff's assertion refers to record evidence that I somehow overlooked, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered . . . ." *Hill*, 277 F.3d at 708. At no time prior to the entry of judgment (or since), did Plaintiff cite or otherwise refer to the existence of record evidence that he had complained of "general harassment."

Case 3:06-cv-00024-NKM-BWC   Document 157   Filed 01/14/08   Page 2 of 3   Pageid#: 2009

Plaintiff's argument that there is a claim in one of his Amended Complaints that I did not address, might, if true, amount to a "clear error of law" or "manifest injustice." Plaintiff fails, however, to identify this supposed overlooked claim. Having reviewed both of the Amended Complaints in this case numerous times, I can find no claims that were not addressed by the Memorandum Opinion and accompanying Judgment Order. Therefore, Plaintiff's argument of an overlooked claim provides no basis for altering or amending the judgment under Rule 59(e).

Plaintiff's claims for relief fare no better under Rule 60. Other than his bare assertions, Plaintiff has provided no basis, pursuant to Rule 60(a), for the existence of a "mistake arising from oversight or omission," and even if he had, I could not correct the mistake without leave from the Court of Appeals because Plaintiff has already appealed the judgment. Furthermore, Plaintiff fails to show how either of his claims constitutes any of the six grounds for relief enumerated in Rule 60(b).

Accordingly, for all of the foregoing reasons, Plaintiff's Motion to Alter or Amend Judgment and for Relief from Judgment or Order (docket entry no. 153) is hereby DENIED.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and Order to all counsel of record.

ENTERED: *[signature]*
United States District Judge

January 14, 2008
Date